INTERNATIONAL HARVESTER CO. *v.* GULLY, STATE TAX COLLECTOR.

(Division A. March 11, 1940.)

[194 So. 472. No. 33912.]

Shands, Elmore, Hallam & Causey, of Cleveland, for appellant.

I18

**W. W. Venable,** of Clarksdale, and **Denman & Everett,** of Greenwood, for appellee.

I22

Argued orally by **Dugas Shands**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

The State Tax Collector, the appellee, in a proceeding in the Chancery Court of Bolivar County under Sections 2000, 2001 of the Code of 1930 against Meyer Lafkowitz, had an attachment issued and levied on a certain International motor truck as the property of Lafkowitz for the purpose of having it subjected to the payment of the penalties provided in Section 2000, which, it was alleged, Lafkowitz had incurred. Appellant, International Harvester Company, interposed a claim to the truck under

a purchase-money conditional sales contract. The cause was tried on agreed facts, resulting in a decree in favor of the State Tax Collector. From that decree, the Harvester Company appeals.

More than one ground is urged for a reversal. We pass on only one—the one we feel confident is well founded. The others we leave out of consideration. The facts necessary to have in mind are as follows: Lafkowitz was engaged in the business of buying and selling cattle, and separate and apart from that business, he conducted a restaurant and filling station. In the early part of 1939, while so engaged, he purchased the truck involved from the Planters Equipment Company, agreeing to pay therefor $907, of which he paid $265 cash, leaving unpaid $642 which was to be paid in monthly installments covering a period of eighteen consecutive months. The title was reserved in the seller until the purchase-money was paid. The contract was evidenced by writing. Soon after the execution of the contract, the Harvester Company purchased it from the Equipment Company, paying full value therefor. The truck was bought to be used, and was used alone, in the cattle business. On January 16, 1939, Lafkowitz violated the prohibition laws of the State by selling intoxicating liquor. On March 4th following, the State Tax Collector filed the bill in this case, founded upon that sale. The sale was made in his restaurant.

Section 2000 provides, among other things, that in such case the guilty person shall forfeit to the state, county, city, town or village $500 each which may be recovered either by the State Tax Collector or others mentioned in the statute, and that the suit may be commenced by attachment without bond. Section 2001 gives the chancery court concurrent jurisdiction with the courts of law in such cases.

The conditional sales contract was not recorded. And Lafkowitz had no sign of any kind in or about either his cattle business or his restaurant and filling station

business divulging the facts shown by the conditional sales contract. The chancellor held that under the business sign statute, Section 3352, Code of 1930, the truck was subject to the attachment in preference to the claim of the Harvester Company. That statute follows: "If a person shall transact business as a trader or otherwise, with the addition of the words 'agent,' 'factor,' 'and company,' or '& Co.,' or like words, and fail to disclose the name of his principal or partner by a sign in letters easy to be read, placed conspicuously at the house where such business is transacted, or if any person shall transact business in his own name without any such addition, all the property, stock, money, and choses in action used or acquired in such business shall, as to the creditors of any such person, be liable for his debts, and be in all respects treated in favor of his creditors as his property".

The forfeiture provided by Section 2000 may, in a broad sense, be a debt, and therefore the state, county and municipality creditors, but we do not think the statute was intended to cover such an obligation. Only contract debts were intended. The purpose of the statute was to make the apparent owner the true owner, as to his contract creditors dealing with him without notice to the contrary. It has nothing to do with fines and forfeitures for violation of the criminal laws of the State. As to such, the State, counties and municipalities could not be misled by failure to record or comply with the sign statute.

Reversed and judgment here for the appellant.